17-2603-cr
*United States v. Gill*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            ROBERT D. SACK,
                    *Circuit Judges,*
            JOHN G. KOELTL,
                    *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

          *Appellee,*                    17-2603-cr

          v.

JOSEPH GILL,

          *Defendant-Appellant.*

_____

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELEE:                                    Geoffrey J.L. Brown and Carina H.
                                                Schoenberger, Assistant United States
                                                Attorneys, *for* Grant C. Jacquith, United
                                                States Attorney, Northern District of New
                                                York, Syracuse, NY.


FOR DEFENDANT-APPELLANT:                          Melissa A. Tuohey, Assistant Federal
                                                Public Defender, *for* Lisa A. Peebles,
                                                Federal Public Defender, Northern
                                                District of New York, Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 17, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Joseph Gill ("Gill") appeals from a judgment of the District Court sentencing him principally to 121 months' imprisonment for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Gill challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sentences for both procedural and substantive reasonableness, applying a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). A sentence is substantively unreasonable only "where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). The purpose of our review is not to substitute our view for that of the District Court, *id.*, but to "provide a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

On review, we conclude that Gill's sentence is substantively reasonable. During the sentencing hearing, the District Court weighed the factors set forth in 18 U.S.C. § 3553(a), considering the serious nature of the offense; the length of time that Gill engaged in prohibited conduct; Gill's use of a peer-to-peer file sharing service, which enabled others to access files stored on his computer; and mitigating factors such as Gill's limited criminal record, history of

2

employment, and age. The District Court also considered Gill's "frequent contact" with two girls, eight and eleven years old, which Gill reported to the United States Probation Office ("Probation Office"). J.A. 96. Though Gill objected to the inclusion of this information in his Pre-Sentence Report and "denie[d] having any inappropriate or sexual contact with minors," *id.* at 86, he did not suggest that the information he provided to the Probation Office was inaccurate, or that the Pre-Sentence Report mischaracterized his account. Having reviewed the information available to the District Court, we cannot say that Gill's sentence "was shockingly high . . . or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

Gill's reliance on our decisions in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017) is misplaced. In this case, unlike in both *Dorvee* and *Jenkins*, neither the advisory range under the United States Sentencing Guidelines nor Gill's sentence was "near or exceeding the statutory maximum." *Dorvee*, 616 F.3d at 186 (sentence of 240 months' incarceration substantively unreasonable); *Jenkins*, 854 F.3d at 184 (sentence of 225 months' incarceration substantively unreasonable); *see also* 18 U.S.C. § 2252A(b)(1) (providing for mandatory minimum sentence of 60 months' incarceration and maximum sentence of 240 months' incarceration). In addition, unlike in *Jenkins*, the District Court was presented with evidence that Gill "engaged in . . . 'sexually dangerous behavior' separate from his crime[ ] of conviction." *Jenkins*, 854 F.3d at 190; *see also Dorvee*, 616 F.3d at 184 ("Dorvee appears to have been punished as though he already had, or would, sexually assault a child, despite medical testimony to the contrary and Dorvee's lack of any such criminal history."). Finally, the District Court explicitly acknowledged the "concerns about the child pornography Guideline" that we voiced in *Dorvee*. J.A. 96. But, given its review of the "specific offense characteristics applicable in this case," the District Court concluded that a sentence of 121 months' incarceration was "sufficient but not greater than necessary to comply with the purposes of sentencing in 18 U.S.C. § 3553(a)(2)." *Id.* at 98. Given the facts of this case, this was "within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *Rigas*, 490 F.3d at 238).

We have reviewed all of the arguments raised by Gill on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 17, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3